| | |
|---|---|
| John Thomas Grobusky, | ) C/A No. 0:09-2759-JFA-PJG |
| Petitioner, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Warden, Tyger River Correctional Institution, | ) |
| Respondent. | ) |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The petitioner, John Thomas Grobusky ("Petitioner"), a self-represented state prisoner, files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner is an inmate at Tyger River Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"). The instant action was submitted on a form ordinarily used by federal prisoners to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] However, as Petitioner is a state prisoner, and the petition challenges a sentence imposed by a state court, Petitioner's case has been construed as an action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of 28

---

[1] Petitioner named the South Carolina Department of Corrections and Jon Ozmint, Director of SCDC, as Respondents in this action. However, a prisoner's custodian is the proper respondent in a habeas corpus action. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). Therefore, in an Order filed contemporaneously with this Report and Recommendation, the Clerk of Court is directed to delete SCDC and Jon Ozmint as Respondents in this action. The Order further directs the Clerk of Court to add the Warden of Tyger River Correctional Institution to the Court's docket as the proper Respondent.

U.S.C. § 1915; the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*).

The Petition has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the petition "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to construe *pro se* petitions liberally. *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Fine v. City of N.Y., 529 F.2d 70, 74 (2d Cir. 1975).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

On April 24, 2008, Petitioner entered a guilty plea in the York County Court of General Sessions to the offenses of "Larceny (x4), Grand Larceny (1), Criminal Conspiracy (3), Financial Transaction Fraud (1), Burglary 2nd (1), Burglary 1st (1)." Petitioner indicates he was sentenced to "fifteen years with all others charged concurrently." Petitioner states that he did not file a direct appeal of his conviction or file a post-conviction relief ("PCR") action. Petitioner seeks a sentence modification, correction or reduction.

## DISCUSSION

Petitioner's habeas action under 28 U.S.C. § 2254 should be dismissed because Petitioner has not exhausted his state court remedies. With respect to his conviction and sentence, the Petitioner's sole federal remedy is a writ of habeas corpus, which can be sought only after the Petitioner has exhausted his state court remedies. See 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270, 275 (1971). The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in the

statute, 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . . ."

The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). The United States Court of Appeals for the Fourth Circuit, in Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997), found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts . . . . To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the Petitioner." Id. at 911 (citations omitted).[2] Because Petitioner has not sought any state court review of his conviction, the grounds Petitioner could raise in a § 2254 petition have not been exhausted. See In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454 (S.C. 1990) ("[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted

---

[2]Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750.

all available state remedies"); see also State v. McKennedy, 559 S.E.2d 850 (S.C. 2002).

Therefore, Petitioner's habeas action is subject to summary dismissal.[3]

## RECOMMENDATION

Accordingly, the court recommends that the petition for a writ of habeas corpus in the above-captioned case be dismissed without prejudice and without issuance and service of process upon the Respondent. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 17, 2009
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

---

[3] While the dismissal of Petitioner's action is not based on this fact, it is noted that Petitioner has also not met the administrative exhaustion requirements for a habeas action pursuant to 28 U.S.C. § 2241. Although § 2241 itself does not contain an exhaustion requirement, a prisoner must first exhaust his administrative remedies before bringing a claim under that statute. See Crosby v. Warden, Roxbury Correctional Institution, No. 04-6522, 2004 WL 2294665 (4th Cir. October 8, 2004) (citing Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002)). Thus, even had Petitioner's pleading been construed as an action brought pursuant to 28 U.S.C. § 2241, the case would still be subject to dismissal for lack of exhaustion.

**Notice of Right to File Objections to Report and Recommendation**

The Petitioner is advised that he may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).