IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John Thomas Grobusky, | ) | C/A No.: 0:09-2759-JFA-PJG |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | O R D E R |
| | ) | |
| Warden, Tyger River Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, John Thomas Grobusky, initiated this action pursuant to 28 U.S.C. § 2241 alleging ineffective assistance of trial counsel and trial judge error. However, as the petitioner is a state prisoner and the petition challenges a sentence imposed by a state court, the Magistrate Judge has construed this action as one seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that this action should be dismissed without prejudice because the petitioner has failed to exhaust his state court remedies. Specifically, the petitioner has not made any attempt to exhaust his state remedies either through a direct appeal of his conviction or through an Application for Post Conviction Relief.

The petitioner was advised of his right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

Recommendation, which was entered on the docket on November 18, 2009. Petitioner objected to the Report. Petitioner failed, however, to direct the court's attention to a specific error in the Magistrate Judge's proposed findings and recommendations. Nevertheless, the court has conducted a *de novo* review of the petition.

After a careful review of the record, the applicable law, the Report and Recommendation, and the petitioner's objections thereto, the court finds the Magistrate Judge's recommendation to be proper and the Report is incorporated herein by reference.

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. See Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The court has reviewed its order and pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

IT IS SO ORDERED.

January 26, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

2